UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WYLIE G. HUNTER, | Case No. 1:19-cv-00113-DCN |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| STATE OF IDAHO, et al, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Defendant Barry McHugh's Motion to Consolidate. Dkt. 31. In the instant Motion, McHugh moves for the consolidation of the instant case with a related case—Case No. 1:19-cv-00227-BLW—currently pending before Judge B. Lynn Winmill.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On April 5, 2019, Hunter filed the instant case ("Case 113"). Dkt. 1. Broadly

speaking, Hunter alleges that Defendants violated his rights during his Idaho state court criminal proceedings. *See generally* Case 113, Dkts. 1,4. In early May, Defendants filed motions to dismiss. Case 113, Dkts. 12,13. On May 23, 2019, Hunter filed a motion seeking additional time to respond to the pending motions. Case 113, Dkt. 21. As part of his Motion, Hunter indicated that he would be filing a separate federal lawsuit "to challenge my underlying conviction . . . and name[] additional defendants." Case 113, Dkt. 21, at 2. On June 5, 2019, the Court granted Hunter's request for more time, set new briefing deadlines, and took no position on his comments about filing a new case. Case 113, Dkt. 24.

On June 20, 2019, Hunter filed a second federal lawsuit—Case No. 1:19-cv-00227 ("Case 227"). Case 227 was assigned to Judge Winmill upon filing. In accordance with his prior representations, Hunter's second case—Case 227—focuses on his underlying conviction and names additional defendants. Case 227, Dkts. 1,4. Shortly thereafter, one of the new defendants filed a motion to dismiss. Case 227, Dkt. 12.

Meanwhile, in Case 113, McHugh filed his Motion to Consolidate on July 16, 2019, alleging that the newly filed case—Case 227—should be joined with that case as both cases stem from the same underlying facts and circumstances and consolidating the two cases would promote judicial economy and limit confusion. Case 113, Dkt. 31.

On July 23, 2019, the State Defendants in Case 227 filed a similar Motion to Consolidate. Case 227, Dkt. 14. Other defendants joined the request. Case 227, Dkt. 16. Simultaneously, State Defendants filed a Motion to Stay Case 227 pending this Court's resolution of the earlier motion in Case 113. Case 227, Dkt. 15. Judge Winmill granted

MEMORANDUM DECISION AND ORDER - 2

the Motion to Stay, finding that "this case [Case 227] will be stayed pending United States District Judge David C. Nye's determination of the Motion to Consolidate Cases in Case No. 1:19-CV-00113-DCN." Case 227, Dkt. 17. Further, Judge Winmill vacated all deadlines and pending motions in Case 227. *Id.*[1]

Hunter recently filed a Motion for Judicial Disqualification in Case 227.[2] Case 227, Dkt. 23. He also filed opposition to the various consolidation motions. Case 113, Dkt. 33.

### III. LEGAL STANDARD

Rule 42(a) authorizes a district court to consolidate cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation, and in exercising that discretion should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expenses that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

### IV. ANALYSIS

The various Defendants' Motions to Consolidate outline the underlying basis of each case, how they are interrelated (both legally and factually), and emphasize that consolidation will conserve resources and streamline the process. Case 113, Dkt. 31;

---

[1] It appears that the Clerk's Office erroneously sent out its standard "Notice to Pro Se Litigants of the Summary Judgment Rule Requirement." Case 227, Dkt. 18. This prompted a response from Hunter—as well as an additional Motion. Judge Winmill reiterated that Case 227 was stayed and that additional filings would not be accepted. Case 227, Dkt. 21.

[2] This filing was in violation of Judge Winmill's Order staying the case and will not be addressed by either Court.

Case 227, Dkt. 14.

In response, Hunter explains that different evidence is at issue in each case as well as different defendants. Case 113, Dkt 34. Furthermore, Hunter claims there is an eight-year time difference between the events giving rise to his two cases. Be that as it may, Hunter's civil cases both relate to the same set of circumstances.

Hunter's Complaint in Case 113 alleges fraud by the various defendants throughout each hearing in Kootenai County case number CV 2015-7485. In that case, Hunter sought to compel records he alleged prosecutors and/or law enforcement wrongfully withheld in his underlying criminal matter years before—in Kootenai County case number CR 2007-20448. In Case 227, Hunter's Complaint alleges fraud by the various defendants via the purported concealment of evidence in his underlying criminal case—Kootenai County case number CR 2007-20448.

The records Petitioner sought to compel in Kootenai County case number CV 2015-7485 (the substance of Case 113), and the evidence Petitioner claims was fraudulently withheld in Kootenai County case number CR 2007-20448 (the substance of Case 227), are one and the same.

Because these cases clearly share common questions of law and fact consolidation is appropriate. Furthermore, consolidation will not cause any prejudice, inconvenience, or undue delay to either party. To the contrary, consolidation will avoid duplicative

litigation, be an efficient use of judicial resources, and avoid potential conflicting results.[3]

Accordingly, under Federal Rule of Civil Procedure 42(a), the Court will order these cases consolidated.

## V. ORDER

**IT IS ORDERED:**

1. McHugh's Motion to Consolidate (Case 113, Dkt. 31) is **GRANTED**.  2. Case No. 1:19-cv-00227-BLW, *Hunter v. State of Idaho et al.*, is hereby CONSOLIDATED with the above captioned case.

3. The parties will submit any and all future filings only in Case No. 1:19-cv-00113-DCN which is now the LEAD CASE. The parties will use the case caption as it appears herein in all future pleadings. The Clerk of the Court shall place a signed copy of this order in the file of Case No. 1:19-cv-00227-BLW.

4. The Clerk of the Court shall transfer Defendant John Redal's Motion to Dismiss (Case 227, Dkt. 12), as well as Hunter's Response (Case 227, Dkt. 19) to Case 113. The Motion will constitute a pending motion and Redal shall have 14 days from the date of this order to file his reply brief. The Clerk will likewise transfer Hunter's Motion for an Order to Void the

---

[3] If the Court does not consolidate these cases, and Judge Winmill were to take a contrary position (as would be his prerogative) in Case 227, it could result in conflicting or confusing orders. In the extreme, were these cases to proceed in parallel and both go to trial (separately), the juries could reach inconsistent judgments.

Judgments (Case 227, Dkt. 20) to Case 113. This too will constitute a pending motion. The traditional briefing schedule (three weeks for a responsive filing; two weeks for a reply) shall begin upon the date of this order. The remaining docket entries, motions, notices, and all other filings will remain in Case 227.[4]

5. Hunter's Motion for Judicial Disqualification (Case 227, Dkt. 23) is deemed MOOT.

DATED: August 28, 2019

David C. Nye
Chief U.S. District Court Judge

---

[4] Case 227 is still an active, pending case. Accordingly, all filings are still in force and effect—neither party needs to refile anything from Case 227 into Case 113. The Court is simply moving the pending motions to Case 113—the lead case—for organizational purposes. Again, all future filings shall be made only in Case 113.