UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WYLIE G. HUNTER,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO, et al,<br><br>    Defendants. | Case No. 1:19-cv-00113-DCN<br><br>MEMORANDUM DECISION AND ORDER |

## I. INTRODUCTION

Pending before the Court is Plaintiff Wylie Hunter's Motion to Amend Complaint. Dkt. 89. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Hunter's Motion.

## II. BACKGROUND

In its prior Memorandum Decision and Order, the Court reviewed the extensive background of this case—the underlying state court action, the numerous state Court

appeals, and the lengthy procedural history of these two federal cases[1]—and incorporates that background by reference. *See generally* Dkt. 84.

In its prior decision, the Court granted the various Defendants' Motions to Dismiss (Dkts. 12, 13, 39, 44, 47, 49, 53) and denied Hunter's various motions for Fraud on the Court (Dkts. 4, 41, 51, 68). *Id*. The Court found that despite his assertions to the contrary, Hunter was provided a full and fair opportunity to litigate his grievances in Idaho state court (which he did), that there was no underlying fraud the Court needed to address, and that numerous legal barriers—including *res judicata*, the *Rooker-Feldman* doctrine, and the *Heck v. Humphrey* doctrine (among others)—warranted dismissal of his causes of action. *Id*.

Per its standard policy, however, the Court dismissed Hunter's claims without prejudice and with leave to amend. *Id*. at 21-22. Instead of allowing Hunter an opportunity to amend outright and then undertaking a second round of motions to dismiss, the Court required Hunter to file a Motion to Amend. Under this procedure, the Court hoped that Hunter would also be able to explain in his motion how his amended complaint complied with the Court's order and that the Court (and opposing counsel) would be able to readily see any changes Hunter made. The Court reminded Hunter that, in accordance with District of Idaho Local Civil Rule 15.1, he would need to attach a redlined copy of his amended complaint to his motion. *Id*. at 22, n 15.

---

[1] The Court consolidated Case No. 1:19-cv-00227-DCN with this lead case (Case No. 1:19-cv-00113) on August 28, 2019. Dkt. 38

On September 25, 2020, Hunter dutifully filed a Motion to Amend Complaint. Dkt. 89. Defendants responded (Dkts. 91–95), and Hunter replied (Dkt. 96).

### III. DISCUSSION

As a threshold matter, the Court notes that Hunter *did not* file a redlined copy of his amended complaint as required by Local Rule 15.1 and as specifically ordered by the Court. In fact, Hunter did not file an amended complaint at all. This alone warrants dismissal. Under Federal Rule of Civil Procedure 41—and the Court's inherent authority— it may dismiss a case for a party's failure to comply with the Federal Rules or a prior Court order. *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (Rule 41 "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders") (cleaned up). Hunter's blatant violation of the Court's prior order aside, his Motion is, in itself, deficient because he fails to remedy the Court's prior concerns or present any evidence to justify the Court's continued jurisdiction over his claims.

In his Motion to Amend, Hunter does not identify how his amended complaint would overcome any of the serious jurisdictional barriers identified by the Court in its prior decision. Instead, Hunter repeats the same arguments he has perpetuated throughout the pendency of this case and alleges that the Court (and opposing counsel) are essentially colluding against him. The basis for this serious accusation is simply that the Court ruled in Defendants' favor. Hunter believes that the Court purposely failed to address the underlying merits of his case so that it could grant Defendants' Motions and curb his efforts to hold these various agencies and individuals accountable. This accusation is simply

MEMORANDUM DECISION AND ORDER - 3

absurd. The Court's prior decision did not reach the merits of each of Hunter's claims because jurisdiction is a threshold inquiry for any Court. The Court determined that it did not have jurisdiction over Hunter's claims for numerous reasons. As a result, it *could not* address the substance of the claims itself.[2]

Hunter confusingly appears to argue in his current Motion to Amend that the Court *does not* have jurisdiction over his claims and that these proceedings are, in fact, void. Dkt. 89, at 1. Hunter also implicates "Defendants, their counsel of record, and Judge Nye" as conspirators and/or quasi-defendants in the ongoing saga which Hunter has dubbed "fraud on the Court." As the Court previously outlined, however: Hunter has had his day in Court. The state court has dealt with these issues *ad nauseum*—in original proceedings, various motions to reconsider, and in not one, but two appeals to the Idaho Supreme Court. For the reasons previously explained, this Court lacks jurisdiction to reconsider (or consider anew) those same allegations—as well as any attending or ancillary matters Hunter may allege which were not specifically addressed in state court.

In sum, the Court must denies Hunter's Motion to Amend. Hunter did not submit an amended complaint, let alone a redlined version, as required by local rule and the Court's prior order. Furthermore, Hunter has not presented any evidence, explanation, or argument to combat the numerous legal insufficiencies in his initial Complaint that have

---

[2] To be sure, the Court had to take up—at least to a small degree—Hunter's numerous motions for fraud on the Court. These motions contain the same general allegations as Hunter's Complaint itself. However, the Court did this, again, in the context of determining whether it had jurisdiction over the case. It did not reach the merits of Hunter's allegations because it could not absent jurisdiction. The Court's determination that it could not consider the merits of Hunter's claims was not an affront to Hunter, or a favor to Defendants, but was part and parcel of its decision that it lacked jurisdiction to hear Hunter's claims in the first place.

**MEMORANDUM DECISION AND ORDER - 4**

already been identified by the Court. The Court has reviewed Hunter's Motion, his supplements, and all other available information and cannot find any reason to retain jurisdiction over this case. There is simply nothing for the Court to review. Accordingly, Hunter's Motion to Amend must be denied and his claims dismissed.

## IV. ORDER

IT IS ORDERED:

1. Hunter's Motion to Amend (Dkt. 89) is DENIED.

2. Hunter's Complaint is DISMISSED WITH PREJUDICE and this Case is CLOSED. Case No. 1:19-cv-00227-DCN is likewise DISMISSED WITH PREJUDICE and CLOSED.[3]

3. The Court will enter a separate judgement in accordance with Federal Rule of Civil Procedure 58.

DATED: March 11, 2021

David C. Nye
Chief U.S. District Court Judge

---

[3] A copy of this order shall be entered in Case No. 1:19-cv-00227-DCN.